FILED
2018 Aug-20 AM 10:02
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| **GERALDINE ROBIN DENSON,** ) <br> ) <br> **Claimant,** ) <br> ) <br> vs. ) <br> ) <br> **NANCY A. BERRYHILL, Acting** ) <br> **Commissioner, Social Security** ) <br> **Administration,** ) <br> ) <br> **Defendant.** ) | Case No. 4:17-cv-1428-CLS |

## MEMORANDUM OPINION

Claimant, Geraldine Denson, commenced this action on August 22, 2017, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ"), and thereby denying her claim for a period of disability and disability insurance benefits.

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983).

Claimant contends that the Commissioner's decision is neither supported by substantial evidence nor in accordance with applicable legal standards. Specifically, claimant asserts that the ALJ: (1) failed to consider all of her severe impairments; (2) failed to find that she met the requirements of Listing 1.04; (3) failed to make a credibility finding; (4) rendered a decision that was not based upon substantial evidence; (5) failed to give appropriate consideration to her work history; and (6) failed to adequately consider the side effects of her pain medications. Upon review of the record, the court finds merit in claimant's final argument.

Social Security regulations provide that medication side effects are a permissible consideration in evaluating a claimant's complaints of pain. *See* 20 C.F.R. 404.1529(c)(iv). Claimant testified that, as a result of her medications, she experienced difficulty focusing, increased sleep, and severe constipation. She sometimes dozes off, and she has difficulty concentrating on things like reading and following instructions.[1] During the administrative hearing, the ALJ asked the vocational expert how claimant's ability to work would be affected by "being off task" during the work day, and the vocational expert responded that, while being off task five percent of a work day might be tolerated, being fifteen to twenty percent off task during a day would not be tolerated.[2] There is no information in the record

---

[1] Tr. 154-55.
[2] Tr. 172.

regarding what percentage of the day claimant's medication side effects would cause her to be off task. In response to questioning by claimant's attorney, the vocational expert also testified that lack of concentration and difficulty following instructions *could* impact claimant's ability to work, but he could not provide more specific vocational limitations without knowing the specific amounts of time claimant would be able to sustain work activity.[3]

The ALJ did not mention any medication side effects in his administrative decision, and his residual functional capacity finding does not appear to account for any impairments in concentration or difficulty staying awake.[4] The ALJ may have discredited claimant's allegations about medication side effects, but if he did, he did not state that he did so. or explain why. Because the alleged effects of claimant's medications, if credited, could have a material impact on claimant's ability to do work, remand is warranted for the ALJ to give further consideration to those effects, and to determine whether claimant's allegations of disabling side effects are supported by the record.

An appropriate Final Judgment will be entered contemporaneously herewith.

---

[3] Tr. 173-74.

[4] *See* Tr. 32 ("[C]laimant had the residual functional capacity to perform sedentary work as defined in 20 C.F.R. § 404.1567(a) except she can occasionally stoop and crouch, but never climb. She cannot push or pull with the right lower extremity, drive, or work at unrestricted [h]eights. She was able to sit six hours out of an eight-hour day, and stand/walk for between 5 to 10 minutes at a time.") (alterations supplied).

3

DONE this 20th day of August, 2018.

_____
United States District Judge